ATLANTA, MARCH TERM, 1859. 121

Cherokee Insurance & Banking Co. vs. Justices of Whitfield County.

## CHEROKEE INS. & BANKING CO. *vs.* JUSTICES OF WHITFIELD COUNTY.

There is no law in this State, authorizing the inferior courts of the respective counties, to levy an extra tax for county purposes, upon the capital stock of a bank, located within their limits.

Mandamus, from Whitfield county. Decision by Judge TRIPPE, at October Term, 1858.

This was an application by the Cherokee Insurance & Banking Company for a mandamus to be directed to the inferior court of Whitfield county, to compel said court to pass an order requiring the treasurer of said county to refund to relator the sum of two hundred and fifty-three dollars and thirteen cents, assessed as a tax for county purposes upon the capital stock of said company, and paid into the treasury of said county. The said sum was the amount paid by said company, for the years 1855 and 1856.

Upon hearing the answer of respondents, the court refused to grant the mandamus, and discharged the rule *nisi*, holding that said company was liable to pay a county tax upon its capital stock- To which decision counsel for relator excepted.

WM. T. MOORE, for plaintiff in error.

C. D. McCUTCHIN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Ought the Judge to have granted a peremptory mandamus in this case? The answer to this question depends upon the legality of the tax paid by the Bank in 1855–'6.

Had the inferior court of Whitfield county, authority of law to assess and collect a tax on the capital stock of this Bank actually paid in for county purposes? If it had, it must be under a power delegated to them by the legislature for that purpose. The act of 1821, (Cobb 184) confers a general power upon the inferior court to levy " taxes for county purposes, upon the *inhabitants* of any county in which said justices may reside." Is this Bank, as to its *capital stock*, an "inhabitant" of Whitfield county? That a corporation may be an inhabitant of a county, for certain purposes, is admitted. Our judgment, however, is, that a bank, as to its capital stock, is not an inhabitant of any particular county, for the purposes of taxation; and although this act of 1821, has been in force for near forty years, it has never received this construction. That of itself, creates a strong presumption that the power claimed is not conferred by it. It is conceded that the general tax act of 1851–'2, does not give the right to impose this tax. It cannot be derived from the act of 1817, (Cobb 1062,) imposing a special tax upon banks, or from any other statute.

The stockholders of this, and every other bank, are usually scattered over the State. Why should an extra tax be levied on their stock for the benefit of Whitfield county? It would be more equitable to levy it on each stockholder to the amount of his shares; yet they are specifically exempted by the act of 1851–'2.

This, and all other banks, pay to the State a heavy tax upon their capital; yet it is paid directly to the treasurer, without the intervention of county officers. No mode has been prescribed for levying and collecting such a tax by the county; and until the Legislature see fit to speak out plainly upon the subject, we are unwilling to sanction the exercise of so doubtful a power, to say the least of it.

Judgment reversed.